EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| BART SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-128-KSF |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC D. WILSON, *et al.,* | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \* \*\*\*

Plaintiff Bart Spencer has failed to respond to the defendants' motion to dismiss this action, as well as this Court's Order expressly requiring him to do so upon peril of dismissal for his failure to prosecute this action. As explained below, his complaint will be dismissed.

Proceeding without counsel, Spencer filed this civil rights action asserting constitutional claims pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] Spencer alleged that while confined in the United States Penitentiary-McCreary, located in Pine Knot, Kentucky, officers used excessive force to restrain him on August 21, 2009; placed him in segregation for days without water, proper sanitation, or medical care; and filed a false disciplinary charge against him.

The Court screened Spencer's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. On June 8, 2012, the Court entered a Memorandum Opinion and Order dismissing Spencer's claims challenging both his placement in, and the conditions of his confinement in, segregation; the medical treatment he received on August 21, 2009; the denial of water and other beverages; the medical treatment he received for his anorexia/eating disorder; and the filing of an allegedly

false disciplinary charge against him, but directed Lieutenant Terry Baker and Correctional Officer William Reams to respond to his excessive force claims. [R. 11, pp. 12-13, ¶¶ 1-6]

On October 16, 2012, Baker and Reams filed a motion to dismiss, or in the alternative, motion for summary judgment. [R. 21] Their counsel certified that he had mailed a copy of that motion to Spencer at the Federal Medical Center ("FMC") in Springfield, Missouri, where he has been confined since he filed this action. [*Id*., p. 2] On October 22, 2012, the Court entered an Order directing Spencer to file a response to the defendants' motion to dismiss within 21 days, and expressly warned him that it would grant the motion to dismiss if he failed to do so. [R. 25]

Spencer's 21-day response time has come and gone without response from him. The record does not indicate that the Court's October 22, 2012, Order was returned as undeliverable. The Bureau of Prisons' website indicates that Spencer was released from federal custody on October 26, 2012,[1] but he has not provided the Court with his current address as he was directed to do in the June 8, 2012, Memorandum Opinion and Order. [R. 11, p. 15, ¶ 11]

A federal court has inherent authority to dismiss an action on its own if a party fails to prosecute the case or to comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). An involuntary dismissal for failure to prosecute generally operates as an adjudication on the merits. *Pepin v. Larchwood Healthcare Group, Inc.*, No. 1:11-cv-964, 2012 WL 253328, at *2

---

[1] See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=42675-060&x=84&y=30 (last visited on December 5, 2012).

(N.D. Ohio Jan. 26, 2012).

A district court must consider four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*citing Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

The first factor favors dismissal because Spencer has failed to respond to the motion to dismiss, despite the fact that the defendants' counsel certified that he mailed a copy of that motion to Spencer prior to his release and the fact that the Court cautioned Spencer that he must respond to the motion to dismiss within 21 days.

The second and third factors also warrant dismissal of Spencer's claims, given the procedural history of this case. The defendants have expended considerable time and resources to defend this action, but Spencer has failed to keep the Court apprised of his current address, respond to the defendants' motion to dismiss, and otherwise diligently prosecute this action.

Further, in light of Spencer's disregard of this action, the dismissal will be *with* prejudice. Dismissal with prejudice is warranted where a plaintiff has discontinued participating in a case which he initiated, either by failing to respond to discovery requests, motions to dismiss, or motions for summary judgment after the court has warned the plaintiff that inaction would result in dismissal of his claims. *See Pepin*, 2012 WL 253328, at *2; *Jarnigan v. Steele*, No. 3:10-

3

1034, 2011 WL 4437153 at *3 (M.D. Tenn. Sept. 23, 2011); *Williams v. Santiago*, No. 08-10044, 2009 WL 2886051, at *3 (E.D. Mich. Sept. 1, 2009); *Eagles Nest Ranch & Academy v. Bloom Tp. Bd. of Trustees*, No. 2:06-cv-242, 2007 WL 2359763, at *4 (S.D. Ohio Aug. 16, 2007); *R.T. ex rel. Harris v. Cincinnati Public Schools*, No. C-1-05-605, 2006 WL 1476199, at *1-2 (S.D. Ohio May 25, 2006). Spencer's complaint will therefore be dismissed with prejudice and the defendants' motion to dismiss will be denied as moot.

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff Bart Spencer's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**;

(2)     The motion to dismiss, or in the alternative, motion for summary judgment filed by Defendants Lieutenant Terry Baker and Correctional Officer William Reams [R. 21] is **DENIED** as **MOOT**;

(3)     The Court will enter a judgment contemporaneously with this Memorandum Opinion and Order; and

(4)     This matter is **STRICKEN** from the active docket.

This December 7, 2012.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**

4